■ In the Matter of JOSEPH JOCH, as District Attorney of Tompkins County, Respondent, v GREGORY A. PIKULIK, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered November 24, 1981 in Tompkins County, which granted a petition, in a proceeding instituted by the District Attorney of Tompkins County pursuant to section 3388 of the Public Health Law, for a judgment declaring a forfeiture of an automobile registered in respondent's name. Respondent was indicted on five counts of sale and possession of drugs and drug paraphernalia. He pleaded guilty to the crime of criminal sale of a controlled substance in the fourth degree, a class C felony, under Count No. 1 of the indictment, in full satisfaction of the indictment. Concededly, the sale took place in respondent's 1976 Lincoln Continental. Thereafter, the District Attorney brought the instant proceeding seeking a judgment of forfeiture of the automobile pursuant to section 3388 of the Public Health Law. In opposition to petitioner's motion, respondent admitted that the sale took place in the Lincoln automobile but contended that he had been enticed by the undercover police officer into conducting the sale in his car rather than in the officer's car. Respondent sought dismissal of the petition or a jury trial. Special Term granted petitioner's application for forfeiture without a trial and this appeal ensued. It is clearly established that in a forfeiture proceeding pursuant to section 3388 of the Public Health Law, one is entitled to a jury trial (*Matter of Vegari v Marcus*, 26 NY2d 764, 765). It is claimed by respondent that issues of fact were raised requiring a jury trial. We disagree. Pursuant to section 3388 (subd 1, par [c]) of the Public Health Law, it is unlawful to use a vehicle to facilitate the sale of any controlled substance. Forfeiture, however, may not be adjudged where the owner establishes by a preponderance of the evidence that the use of the seized property in violation of subdivision 1 of section 3388 of the Public Health Law was not intentional on the part of the owner (Public Health Law, § 3388, subd 6, par [a]). While respondent urges that he originally did not intend to use his car in the drug transaction, it is clear that once inside his car, his intent was to sell a controlled substance to the undercover officer and respondent's car was used to facilitate this sale. Consequently, we conclude that respondent failed to raise a triable issue of fact in regard to section 3388 (subd 6, par [a]) of the Public Health Law requiring a jury trial. Subdivision 4 of section 3388 of the Public Health Law vests the District Attorney with the discretion to return a seized vehicle to the owner thereof if he finds that the "ends of public justice" would not be served by a forfeiture of the vehicle. We are of the opinion that, contrary to respondent's assertion, there was no abuse of that discretion by the District Attorney herein. The order, therefore, must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.