OPINION OF THE COURT
 

 Simons, J.
 

 In this civil proceeding, petitioner New York City Property Clerk seeks a declaration that respondent’s 1983 Mitsubishi
 
 *430
 
 automobile, seized following his arrest for drug possession, should be forfeited. The courts below determined that the vehicle was subject to forfeiture under the New York City Administrative Code because it was used "in aid or in furtherance of crime” (Administrative Code of City of New York § 14-140 [e] [1]). They dismissed the petition in the interests of justice, however, believing release of the vehicle was part of the bargain leading to respondent’s plea of guilty in the criminal proceeding. We conclude that the courts lacked authority to dismiss in the interests of justice and therefore reverse the order of the Appellate Division and grant the petition.
 

 Petitioner obtained custody of the vehicle following the arrest of respondent for violating Penal Law § 220.06. A police officer had observed him purchase drugs on the street and then drive away in his automobile with two passengers. When stopped, respondent was holding a foil packet containing phencyclidine (PCP) and a corn cob pipe; his passengers were holding foil packets containing PCP. Respondent subsequently pleaded guilty to disorderly conduct and was sentenced to pay a fine of $225 plus a $25 surcharge. At the time of the plea, the prosecutor agreed to release respondent’s vehicle and subsequently delivered an instrument to petitioner stating that he had no further need of it. This forfeiture proceeding followed.
 

 The Administrative Code provides that all property "suspected of having been used as a means of committing crime or employed in aid or furtherance of crime * * * shall be given * * * into the custody of and kept by the property clerk” (Administrative Code § 14-140 [b]). Section 14-140 (e) (1) addresses the subsequent disposition of the property and provides that a person who used the property in aid of a crime "shall not be deemed to be the lawful claimant entitled to [it].”
 

 Because forfeiture is a civil proceeding, petitioner need only prove by a preponderance of the evidence that the property is subject to forfeiture
 
 (see, Property Clerk v Hurlston,
 
 104 AD2d 312, 313). The trial court found petitioner had satisfied that burden notwithstanding respondent’s plea to disorderly conduct. Indeed, the outcome of the underlying criminal charges is irrelevant to the outcome of the civil forfeiture proceeding
 
 (Property Clerk v Conca,
 
 148 AD2d 301, 302;
 
 Matter of Property Clerk v Batista,
 
 111 AD2d 135, 136;
 
 Property Clerk v Hurlston,
 
 
 *431
 

 supra,
 
 at 313). Because of the differing degree of proof, even acquittal would not necessarily prevent a subsequent forfeiture under the Code’s provisions
 
 (see, Property Clerk v Conca, supra,
 
 at 302;
 
 cf, People ex rel. Matthews v New York State Div. of Parole,
 
 58 NY2d 196, 202-203 [an acquittal on criminal charges ordinarily will not have collateral estoppel effect in a subsequent parole revocation proceeding evolving from those same charges, because of the higher degree of proof the People must meet in the criminal action]).
 

 The language of section 14-140 of the Code is mandatory and unqualified. Once petitioner established that the property had been used unlawfully, it should have been declared forfeited. The owner had no right to it; the Code provided that he could not be deemed a lawful claimant (Administrative Code § 14-140 [e] [1]). In view of this language, and absent express statutory authorization, the courts had no power to dismiss the petition in the interests of justice
 
 (see, Matter of Henry v Alquist,
 
 127 AD2d 60, 64 [in forfeiture proceeding under Public Health Law § 3388, courts have no authority to decline to declare forfeiture once violation of statute has been established]).
 

 Respondent relies upon CPLR 1311 (4) to support his claim that forfeiture is not required. That section provides, in part:
 

 "The court in which a forfeiture action is pending may dismiss said action in the interests of justice upon its own motion or upon an application as provided for herein.”
 

 As Supreme Court noted, article 13-A is a completely different forfeiture scheme than that contained in the Administrative Code. The interests of justice provision it contains is "unique”
 
 (see,
 
 2A Weinstein-Korn-Miller, NY Civ Prac 1311.07) and nothing in the article suggests that it applies in the limited forfeiture proceedings available pursuant to Administrative Code § 14-140. Indeed, article 13-A expressly states that the terms of the statute do not limit or supersede "the lawful authority of any public officer or agency or other person to enforce any other right or remedy provided for by law” (CPLR 1352).
 

 Neither is relief warranted under the rationale of
 
 Matter of Chaipis v State Liq. Auth.
 
 (44 NY2d 57) because of the prosecutor’s promise to aid in the release of the property. In
 
 Chaipis,
 
 petitioner, the holder of a liquor license, was implicated in an investigation of police corruption but cooperated
 
 *432
 
 with the People after the prosecutor promised to intervene on his behalf in proceedings against his license by the State Liquor Authority. The issue was whether the Authority could cancel petitioner’s liquor license based upon his past misconduct without considering the significant services he had performed for the prosecutor to aid in the investigation. This Court reversed the Authority’s order canceling the license and imposing other penalties and remanded the case for further action after considering the prosecutor’s promise.
 

 In reversing, we noted that although the Authority was a separate agency, it could not simply ignore the prosecutor’s recommendation when exercising its discretion to impose a license penalty following the petitioner’s guilty plea. In the ordinary case, we stated, "the competing policies might often be resolved by permitting defendant to vacate the plea entered in reliance upon a promise made by a prosecutor without power to enforce it”
 
 (Matter of Chaipis v State Liq. Auth., supra,
 
 at 65). Chaipis could not be returned to his original position, however; at considerable personal cost and risk he had waived his rights, pleaded guilty and testified extensively for the prosecution and having done so, he could not be returned to his preplea status
 
 (cf., People v Danny G.,
 
 61 NY2d 169). Under the circumstances, the prosecutor’s recommendation, even though not enforceable, was entitled to "weighty, albeit not conclusive, consideration” by the Authority before it determined the penalty
 
 (Matter of Chaipis v State Liq. Auth., supra,
 
 at 66).
 

 In this case, assuming the prosecutor had promised to return the property rather than having stated the intention merely to certify that the evidence was no longer needed, he could not waive petitioner’s claim. The Property Clerk is a separate and independent agency and has no discretion under the Code to recognize respondent as a "lawful claimant entitled to * * * such * * * property” (Administrative Code § 14-140 [e] [1]). The court could not intervene and compel it to do so without statutory authorization. Moreover, respondent, unlike Chaipis, rendered no services equitably entitling him to return of the vehicle. If he was misled by the prosecutor’s promise, he could move to vacate his plea of guilty and be restored to his preplea position.
 

 
 *433
 
 Accordingly, the order of the Appellate Division should be reversed and the petition granted, with costs.
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
 

 Order reversed, etc.