OPINION OF THE COURT
Per Curiam.
Order entered January 6, 1992 affirmed for the reasons stated in the decision of Duckman, J., at the Criminal Court.
It has consistently been recognized that the stop of an automobile at a police roadblock qualifies as a seizure within the Fourth Amendment, and that the stop will be constitutionally proper only if the seizure is deemed reasonable (People v Scott, 63 NY2d 518, 524-525). In Brown v Texas (443 US 47), the Supreme Court established a three-part balancing test to determine reasonableness requiring the weighing of the public interest served by the seizure, the degree to which the seizure advances the public interest and the severity of the interference with individual liberty (supra, at 50-51). Here, not only did the People fail to present any empirical evidence to demonstrate that the roadblock procedure effectively advanced the asserted public interest of curbing prostitution, common sense dictates that the sole deterring factor testified to, i.e., "police omnipresence,” could be achieved in numerous other ways that have only minimal interference upon individual liberty. Accordingly, Criminal Court correctly determined the subject roadblock to be constitutionally deficient (see, Galberth v United States, 590 A2d 990, 999 [DC App] [roadblock established to disrupt nearby open air drug market held unconstitutional since any disruption resulting from the visible police presence could be accomplished through any law enforcement technique involving a substantial police presence]) and correctly suppressed evidence acquired pursuant thereto.
Parness, J. P., McCooe and Glen, JJ., concur.