OPINION OF THE COURT
Emily Jane Goodman, J.
This action is commenced by the Property Clerk of the New York City Police Department (the Property Clerk) against Atif Waheed for forfeiture of a 1990 Lincoln Town Car now in the possession of the City on the grounds that the car was used in an incident of prostitution solicitation. As the Property Clerk of the New York City Police Department, plaintiff is charged by the New York City Charter and Administrative Code of the City of New York with, inter alla, the administration of money and property coming into the custody of the New York City Police Department. Defendant Waheed now moves for summary judgment dismissing the complaint and for return of the vehicle. The City cross-moves for summary judgment and an order striking defendant’s counterclaims.
The background of the case is as follows. On October 20, 1994, at approximately 11:38 p.m., defendant was operating his leased 1990 Lincoln Town Car as a commercial livery service. According to the sworn affidavit of an unidentified undercover police officer assigned to the 13th Precinct, the officer was posing as a prostitute on October 20, 1994 at or near the *384 intersection of East 26th Street and Lexington Avenue in Manhattan, and Waheed, while driving southbound on Lexington Avenue, pulled his vehicle out of the roadway traffic and over to her so that his passenger, Ronald Azzariti, seated in the rear of the vehicle, would be in a position to solicit her. The unidentified officer claimed that from the car Mr. Azzariti asked for sex and began to negotiate a price with her, eventually agreeing to pay her $15. The officer also alleged that defendant Waheed participated and engaged in the solicitation by negotiating with the undercover officer to reduce the price of the sexual act to the $15 and that Waheed also acquiesced in allowing his passenger to agree to have the sexual act take place in the back seat of the vehicle.
Of course, no sexual act ever did take place. After the agreement was reached, other officers of the 13th Precinct (apparently not assigned to combat violent crime in this City), converged on the car. Mr. Waheed and his passenger were placed under arrest and charged with violating Penal Law § 230.03, patronizing a prostitute. In Criminal Court (according to the motion papers), the passenger of the vehicle, Mr. Azzariti, pleaded guilty to disorderly conduct (a violation and not a crime) and was sentenced to do community service for one day. Waheed apparently was not charged with any crime at all. However, the Property Clerk seized Waheed’s car and vouchered it as the instrumentality of a crime pursuant to section 14-140 of the Administrative Code of the City of New York.
Waheed protests the "disproportionality of the result” which is depriving him of his automobile and therefore his livelihood. In the meantime, Waheed must continue making monthly payments on the car. The Property Clerk claims forfeiture is warranted here to deter prostitution, even though Azzariti was sentenced to only one day of community service raising the obvious question of what exactly the deterrent is.
The United States Supreme Court has made clear that under certain circumstances an in rem forfeiture of lawfully owned (or possessed) property may violate the Excessive Punishment Clause of the Eighth Amendment of the United States Constitution. (Austin v United States, 509 US —, 113 S Ct 2801 [1993].) Under Austin, the Eighth Amendment analysis is applicable when the forfeiture serves at least in part to punish. In Austin, the Court reversed a grant of summary judgment of forfeiture to the government and remanded for a determination of whether or not forfeiture was excessive *385 under the Eighth Amendment. Expressly reserving the issue of whether under any circumstances "it would comport with due process to forfeit the property of a truly innocent owner” (509 US, at —, 113 S Ct, at 2809, n 10, supra), the Court directed the trial court to hold a hearing on the issue of excessiveness, including an inquiry into the proportionality of the forfeiture, i.e., whether the value of the property was proportionate to the offense committed.
Following Austin (supra) in this case, the court cannot determine whether the forfeiture was constitutional without examining the full record of the criminal proceeding below. (The Property Clerk has failed to provide copies of the records of police, the court or any other agency.) The court must conduct a hearing to determine whether " 'the government is exacting too high a penalty in relation to the offense committed.’ ” (509 US, at —, 113 S Ct, at 2812, supra.) The record already reflects that Mr. Waheed has been deprived of his livelihood and must continue to make payments on the $15,000 car, although he was not even prosecuted. The car, Mr. Waheed’s key asset, was itself merely incidental to the solicitation. The record established by the motion papers is clear enough to warrant a hearing on the constitutionality of the seizure. It is therefore ordered that plaintiff produce for in camera inspection within 15 days from today the entire police and court criminal file for Mr. Waheed and Mr. Azzariti concerning the incident on October 20, 1994. In the event that any records have been sealed this constitutes an order to unseal. The hearing will be scheduled after the court has reviewed the records.*
There is an additional constitutional issue that requires the
*386 court’s attention. Absent exigent circumstances the Due Process Clause of the United States Constitution requires the government to afford notice and a meaningful opportunity to be heard before it seizes property subject to civil forfeiture. (United States v James Daniel Good Real Prop., 510 US —, 114 S Ct 492 [1993].) This applies when the government seizes property not to preserve evidence of wrongdoing, but to assert ownership and control over the property itself. (510 US, at —, 114 S Ct, at 495, supra.) Predeprivation notice and an opportunity to be heard is waived only in "extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event.” (510 US, at —, 114 S Ct, at 500, supra [citations omitted].) To establish exigent circumstances, the government must show that less restrictive means would not suffice to protect the government’s interest in preventing "the sale, destruction or continued unlawful use” of the property. (510 US, at —, 114 S Ct, at 505, supra.) In the absence of such circumstances, the government’s failure to provide a property owner with notice and an opportunity to be heard prior to seizure of valuable property requires dismissal of a forfeiture action. In James Daniel Good (supra), the Supreme Court noted that "the practice of ex parte seizure creates an unacceptable risk of error.” (510 US, at —, 114 S Ct, at 496, supra.) The case at bar may well present such a risk. Although James Daniel Good involved real property, this court must follow the same constitutional analysis. Here, the property seized is a car which, unlike real property, may under certain circumstances pose a risk of flight. However, since Mr. Waheed earns his living by using the car as a livery service in New York City, the risk of flight pending a hearing is minimal. In contrast, for example, in cases involving driving while intoxicated or impaired, where the car is the dangerous instrumentality, there obviously may be exigent circumstances warranting prenotice seizure. The Property Clerk conceded at oral argument that it does not seize cars that are instrumentalities of death in drunk driving cases. It is fascinating that despite the large volume of New York City arrests per year for driving while impaired or intoxicated, the Police Department concedes that none of the drivers’ cars are forfeited even though the car is the very instrumentality of the crime, a crime which injures and kills, and is an unparalleled public menace.
As discussed above, under Austin (supra), the court must closely scrutinize the crime at issue to determine whether the *387 Constitution would permit any punishment of Mr. Waheed when he was not even charged with a crime. In light of the fact that Mr. Waheed was not prosecuted at all and that the instrumentality involved is not in and of itself dangerous, the court does not see any facts in the record that suggests exigent circumstances and hereby orders the Property Clerk to return the car to Mr. Waheed forthwith, pending a hearing on the issues of whether preseizure notice and hearing were required and whether the forfeiture is excessive under the Eighth Amendment to the United States Constitution and any related matters.
Counsel are directed to contact Part 17 within 15 days to schedule a discovery conference and set a date for the hearing.

 At the hearing the couit will consider the factors set forth by the Second Circuit in its decision in United States v Milbrand (58 F3d 841) reported in the June 22, 1995 Law Journal. In Milbrand, the Second Circuit adopted a multifactor test for determining the constitutionality of a civil in rem forfeiture. The test combines principles of instrumentality and proportionality. Courts are directed to consider proportionality by comparing "the harshness of the forfeiture (e.g., the nature and value of the property and the effect of forfeiture on innocent third parties) * * * to (a) the gravity of the offense, and (b) the sentence that could be imposed on the perpetrator of such an offense.” (58 F3d, at 847-848, supra.)
Courts also are directed to consider instrumentality by examining "the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous, and (c) temporally or spatially extensive; and (3) the role and degree of culpability of the owner of the property.” (Supra, at 848.)