[636 NYS2d 868]

In the Matter of ATTORNEY-GENERAL OF THE STATE OF NEW YORK et al., Appellants, v ONE GREEN 1993 FOUR DOOR CHRYSLER et al., Respondents.

Third Department, January 18, 1996

APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Michael S. Buskus* and *Peter H. Schiff* of counsel), for appellants.

*Kindlon & Shanks, P. C.,* Albany *(Terence L. Kindlon* of counsel), for respondents.

## OPINION OF THE COURT

MERCURE, J.

In February 1993, the State Police discovered that cocaine was being sold from the residence of respondents Kimberly M. Kelly and Franklyn A. German (hereinafter collectively referred to as respondents) in the Town of Clifton Park, Saratoga County. On March 26, 1993, undercover Troopers purchased cocaine from German at respondents' residence and, on March 29, 1993, a search warrant was obtained for the residence. Before the warrant was executed, the State Police received information that respondents would be traveling to the City of Albany to purchase cocaine. On April 1, 1993, respondents were observed leaving their apartment and getting into the automobile at issue in this proceeding, a green 1993 four-door Chrysler. The State Police followed the vehicle to an apartment building in Albany. While Kelly waited in the car, German entered the apartment and then returned after a short time and reentered the vehicle. The Troopers followed respondents for a short distance and then stopped the car for Vehicle and Traffic Law violations. The Troopers observed what subsequent analysis established to be 5.4 grams of cocaine on the floor of the passenger side of the vehicle, and a search of Kelly uncovered an additional 2.9 grams of cocaine on her person. The vehicle at issue, which is owned by Kelly, was seized by the State Police pending forfeiture proceedings. A subsequent search of respondents' residence resulted in the seizure of additional cocaine, a quantity of marihuana and several rifles. Kelly signed a confession indicating her knowledge that the purpose of respondents' trip to Albany was to purchase cocaine. She also stated that when the Troopers pulled respondents over, German told her to hide the cocaine between her legs. Respondents were both charged with, *inter alia,* criminal possession of a controlled substance in the third degree.

In the summer of 1993, petitioners initiated the instant forfeiture proceeding against the seized 1993 Chrysler on the theory that it was used to carry and conceal a controlled substance. Kelly, who indisputably purchased the car outright with money

she obtained from an inheritance and settlement of a personal injury action, sought dismissal of the petition or, alternatively, a jury trial on the issue of whether the proposed forfeiture would amount to an excessive fine under both NY Constitution, article I, § 5 and US Constitution 8th Amendment. Supreme Court determined that Kelly was entitled to a jury trial, but held the proceeding in abeyance pending the outcome of the criminal prosecution. Kelly was ultimately convicted of criminal possession of a controlled substance in the fifth degree in violation of Penal Law § 220.06 (5), a class D felony. She was sentenced to five years' probation with six months' house arrest and fined $2,500. Petitioners then moved to renew the petition. By order entered July 12, 1994, Supreme Court granted the motion to renew but adhered to its original decision, holding that a jury trial was warranted in these circumstances. Petitioners appeal.

■ Initially, we agree with Kelly's contention that, pursuant to *Austin v United States* (509 US 602), the forfeiture is subject to both New York and Federal constitutional prohibitions against excessive fines. In *Austin*, the United States Supreme Court held that forfeitures under 21 USC § 881 (a) (4) and (7) were subject to the limitations of the 8th Amendment (*Austin v United States*, 509 US, *supra,* at 622). The Court determined that "forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment" (509 US, *supra,* at 618). The provisions of Public Health Law § 3388, while not a mirror image of the Federal statute, appear to be indistinguishable in purpose and design. The presence of an innocent owner exemption in the Public Health Law, as with the Federal statute, is strong evidence that the statute is intended at least in part to punish a guilty owner (*see, Austin v United States*, 509 US, *supra,* at 619-620). Other courts, in light of *Austin*, have determined that their State in rem forfeiture statutes were subject to 8th Amendment limitations (*see, e.g., State v A House & 1.37 Acres of Real Prop.*, 886 P2d 534, 540 [Utah]; *Idaho Dept. of Law Enforcement v Real Prop. Located in Minidoka County*, 885 P2d 381, 383 [Idaho]).

In *Austin*, the United States Supreme Court expressly declined to articulate a test for determining whether a forfeiture is constitutionally excessive, leaving the matter for consideration by the lower courts in the first instance (*Austin v United States*, 509 US, *supra,* at 622-623).

In his concurring opinion, Justice Scalia stated that the only relevant inquiry "is the relationship of the property to the offense" (509 US, *supra,* at 628 [Scalia, J., concurring]), i.e., not how much the confiscated property is worth but whether that property had a close enough relationship to the offense to render it " 'guilty' and hence forfeitable" (509 US, *supra,* at 628). Consistent with the direction of the majority in *Austin,* various tests have been adopted in courts throughout the country, including the strict instrumentality test of the Fourth Circuit (*see, United States v Chandler,* 36 F3d 358, *cert denied* — US —, 115 S Ct 1792) and the more balanced approaches of other Federal courts, combining the instrumentality test with some form of what has come to be known as the "proportionality" test, which requires a court to consider various factors in determining the harshness of the forfeiture and the culpability of the owner (*see, e.g., United States v Real Prop. Located in El Dorado County,* 59 F3d 974 [9th Cir]; *United States v Milbrand,* 58 F3d 841 [2d Cir]; *see also,* Kessler, *For Want of a Nail: Forfeiture and the Bill of Rights,* 39 NYL Sch L Rev 205 [Winter 1994]).

In *United States v Milbrand* (*supra*), the Second Circuit found that the forfeiture of property having a value of more than $60,000 as punishment for its intentional and pervasive use to grow a quantity of marihuana cannot be regarded as excessive. The court adopted and applied a three-part test, holding that: "the factors to be considered by a court in determining whether a proposed *in rem* forfeiture violates the Excessive Fines Clause should include (1) the harshness of the forfeiture (*e.g.,* the nature and value of the property and the effect of forfeiture on innocent third parties) in comparison to (a) the gravity of the offense, and (b) the sentence that could be imposed on the perpetrator of such an offense; (2) the relationship between the property and the offense, including whether use of the property in the offense was (a) important to the success of the illegal activity, (b) deliberate and planned or merely incidental and fortuitous, and (c) temporally or spatially extensive; and (3) the role and degree of culpability of the owner of the property" (*supra,* at 847-848). We join those courts that have determined that, in analyzing excessiveness, it is appropriate to consider both instrumentality and proportionality. We find that the test enunciated in *Milbrand* properly balances the remedial and punitive elements and applies the relevant factors necessary for making an excessiveness determination under the 8th Amendment, and we accordingly adopt it.

■ We are not persuaded, however, that Kelly has a right to a jury trial on the issue of the "severity" of the penalty. Public Health Law § 3388 provides that any vehicle being used to transport, carry or convey any controlled substance in connection with conduct which would constitute a felony under Penal Law article 220 shall be seized and forfeited. The statute contains an "innocent owner" exemption, preventing forfeiture in a case where the owner has established by a preponderance of the evidence that the use of the seized property was not intentional on the part of the owner (Public Health Law § 3388 [6] [a]). Only where the vehicle owner raises a genuine issue of material fact as to the elements of the statutory cause of action under Public Health Law § 3388, or as to an affirmative defense thereto, is the owner entitled to a jury trial (*see, Matter of Joch v Pikulik*, 88 AD2d 1023). No such showing was made in this case.

■ To the contrary, the underlying elements of the forfeiture have been established and there was no prima facie showing of any of the affirmative defenses set forth in the statute. Significantly, Kelly conceded that her vehicle had been used in the transportation of illegal drugs. She was a knowing participant in that use and in fact had drugs in her possession when the car was stopped. Her petition was therefore insufficient to raise triable issues of fact. Moreover, the language of Public Health Law § 3388 (2) is mandatory, precluding judicial discretion once the statutory elements have been established; there is no authority for the trial court to consider leniency with respect to the penalty of forfeiture (*see, Matter of Henry v Alquist*, 127 AD2d 60, 64-65).

Further, although the United States Supreme Court has not yet spoken on the question, it is our view that the issue of whether, under all the circumstances, forfeiture of the vehicle would effect an "excessive" fine in violation of the 8th Amendment is one for the court rather than a jury (*see, United States v All Assets of G.P.S. Automotive Corp.*, 66 F3d 483 [2d Cir]; *United States v Premises Known as RR #1*, 14 F3d 864 [3d Cir]; *cf., United States v One 1976 Mercedes Benz 280S*, 618 F2d 453 [7th Cir]; *United States v Real Prop. Located at 2101, 2280, 2401 & 2501 Maple St.*, 750 F Supp 817 [ED Mich]). This is the implicit holding of the Second Circuit in *United States v All Assets of G.P.S. Automotive Corp.* (*supra*, at 502), where the court held that "since the District Court has not yet 'closely scrutinized' the forfeitures in this case and we are unable to do so on the record before us—we cannot decide whether the for-

feitures here ordered are constitutionally valid under the Excessive Fines Clause". This reasoning is in accord with our usual view of 8th Amendment challenges and, in this case, the record is sufficiently developed to permit us to make such a determination. In that regard, we note that Kelly actively participated in the criminal enterprise and as a result of her plea could have received a substantial sentence of incarceration. Further, she stated to the police on the night of her arrest that she had some $90,000 remaining from an inheritance and a negligence settlement. Finally, Kelly has replaced the automobile in question with a 1985 Chrysler. Applying the *Milbrand* standard, the forfeiture here did not violate Kelly's constitutional rights.

CARDONA, P. J., CREW III, WHITE and PETERS, JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition for summary forfeiture granted.