■ PAVEL GRINBERG, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [698 NYS2d 218] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered May 25, 1999, which, in a proceeding pursuant to CPLR article 78 challenging respondents' seizure of petitioner's automobile after his arrest for driving while intoxicated and challenging the commencement of civil forfeiture proceedings with respect to the seized automobile, denied the petition and dismissed the proceeding, unanimously affirmed, without costs.

While the forfeiture of petitioner's vehicle would, in a broad sense, be susceptible of characterization as punitive (*see, Matter of Attorney-General of State of N. Y. v One Green 1993 Four Door Chrysler*, 217 AD2d 342, 345, *lv denied and appeal dismissed* 88 NY2d 841), we agree with the article 78 court that, unlike the penalty at issue in *People v Letterlough* (86 NY2d 259), which was the product of judicial improvisation unteth-

ered to any legislative grant of punitive power (*supra*, at 269), respondents' prerogative to seek forfeiture under the circumstances at bar is authorized by legislative enactment, namely Administrative Code of the City of NY § 14-140 (*see also*, 38 RCNY 12-36), and accordingly constitutes no affront to the separation of powers doctrine. Nor do we perceive any issue as to the validity of that Administrative Code provision. Even if petitioner had properly preserved his argument that Administrative Code § 14-140 is preempted by the State Vehicle and Traffic Law, we would find that argument to be without merit since there is no evidence that the State enactment was intended to preclude the municipal civil forfeiture law (*see, Matter of Levy v City Commn. on Human Rights*, 85 NY2d 740, 746), and no evidence of a comprehensive effort by the State Legislature to regulate the field in question (*see, Vatore v Commissioner of Consumer Affairs of City of N. Y.*, 83 NY2d 645, 649-650). We also agree with the article 78 court that the penalty faced by petitioner would not, if shown to be warranted under Administrative Code § 14-140, constitute an excessive fine (*see*, US Const Eighth Amend), since, in that event, forfeiture would not "notably exceed[ ] in amount that which is reasonable, usual, proper or just" (*People v Saffore*, 18 NY2d 101, 104). Finally, given the circumstances ordinarily attending the seizure of a vehicle operated by an intoxicated driver, Federal due process principles are not offended by the lack of pre-seizure notice or hearing (*see, Calero-Toledo v Pearson Yacht Leasing Co.*, 416 US 663, 676-680; *United States v One 1976 Mercedes 450 SLC*, 667 F2d 1171, 1175).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ. [*See*, 181 Misc 2d 444.]