■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Appellant, v DEANS OVERSEAS SHIPPERS, INC., et al., Respondents. [712 NYS2d 492] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered February 24, 1999, which, to the extent appealed from, as limited by the briefs, granted defendants' motion to dismiss plaintiff Property Clerk's

forfeiture action with respect to defendants' vehicle, unanimously reversed, on the law, without costs, defendants' motion denied and the complaint reinstated.

On March 4, 1998, defendant Troy Dean (Dean) was arrested and his 1985 GMC van was seized and vouchered by the Property Clerk because it had been used in furtherance of illegal activity. The registered owner of the vehicle was defendant Deans Overseas Shippers (Overseas), Dean's employer. At Dean's arraignment before the Queens County Criminal Court, he pleaded guilty to disorderly conduct with a promised sentence of one day in jail. The court asked whether the police would release the vehicle if Dean accepted the plea bargain. Assistant District Attorney (ADA) Meyers averred that defendants could "plead to the charge and get their cars [sic] back," whereas they had no chance of recovering the van if they rejected the offer. Before accepting the plea, the court sought clarification:

"THE COURT: People, just so we're clear: if these defendants take these offers, the police will release any vouchered evidence, the cars?

"MR. MEYERS: I assume so. Vouchering has nothing to do with this.

"THE COURT: Insofar as the defendant may need a release to get their cars back, you will not be insisting on forfeiture of the cars?

"MR. MEYERS: No, your Honor."

On April 8, Overseas made a demand on the Property Clerk of the New York City Police Department for the return of the van. On April 13, the Property Clerk commenced this action, seeking a judgment that custody and retention of the van were lawful and that title and interest in the van had been forfeited. Defendants moved to dismiss the complaint pursuant to CPLR 1311 (4), the "interests of justice" provision of the State's forfeiture law, on the grounds that Overseas, the owner of the vehicle, had not consented to Dean's illegal use. The motion further stated that Dean had accepted the plea bargain in reliance on the belief that the van would be returned.

We reverse the dismissal of the Property Clerk's action and reinstate the complaint. At the outset, we note that the action is not time-barred because the Property Clerk commenced it within 25 days from the filing of a demand by the record owner, as required by 38-A RCNY 12-36 (a).

This case is controlled by *Matter of Property Clerk of N. Y. City Police Dept. v Ferris* (77 NY2d 428), in which the Court of

Appeals addressed whether a petition of the Property Clerk should be dismissed in the interest of justice because the release of the vehicle had been part of the bargain leading to the guilty plea in the criminal proceeding. The Court held that CPLR 1311 (4) was inapplicable because that provision does not apply to forfeiture proceedings under Administrative Code of the City of New York § 14-140 (*supra*, at 431). Moreover, the fact that the District Attorney's Office waived its own right to insist on forfeiture does not bind the Property Clerk, which is an independent agency. The ADA's waiver is a necessary but not a sufficient condition for return of the vehicle. The Criminal Court that presided over the plea proceedings lacked the power to adjudicate the Property Clerk's civil claim to the property, particularly since the Property Clerk was not even a party to those proceedings (*supra*, at 432). "Instead, an independent determination must be made in this civil proceeding, based on a preponderance of the evidence, as to whether the seized property is subject to forfeiture in accordance with the provisions of the civil forfeiture statute" (*Property Clerk of N. Y. City Police Dept. v Conca*, 148 AD2d 301, 302).

Accordingly, the IAS Court in the instant case was incorrect in stating that the ownership of the van had already been adjudicated by the Queens County Criminal Court. If Dean was misled by the ADA's promise, his remedy is to move to vacate his plea (*Matter of Property Clerk of N. Y. City Police Dept. v Ferris, supra*, at 432). Concur—Sullivan, P. J., Rosenberger, Williams, Wallach and Friedman, JJ.