OPINION OF THE COURT
Wallace R. Cotton, J.
Defendant’s motion, pursuant to CPLR 3211 (a) (3) and (7), to dismiss the instant forfeiture action brought by the plaintiff Property Clerk, New York City Police Department (Property Clerk) is denied.
*434 On June 3, 1987, police officers allegedly observed one Thomas Cotogna purchase a controlled substance in a park located in Queens. Subsequent to the aforesaid purchase, Cotogna entered an automobile owned by the defendant and drove away. However, he was quickly arrested by police officers for possession of a controlled substance (Penal Law § 220.03). Although the defendant owner of the vehicle was not present at the time of Cotogna’s arrest, police officers seized the vehicle and ultimately delivered it into the Property Clerk’s possession.
Since the defendant’s vehicle was allegedly used by Cotogna to transport and carry a controlled substance and to facilitate the transportation of a controlled substance, the Property Clerk brought the instant forfeiture action against the defendant as the registered owner of the automobile.
Defendant moves to dismiss the Property Clerk’s complaint upon two grounds: (1) the Property Clerk lacks the legal capacity to bring this lawsuit under section 14-140 of the Administrative Code of the City of New York, and (2) the complaint fails to state a cause of action. The court does not agree.
Clearly, the Property Clerk does indeed have the capacity to prosecute the instant action under section 14-140 of the Administrative Code, as illustrated by the recently decided Appellate Division, First Department, case of Property Clerk, N. Y. City Police Dept. v Seroda (131 AD2d 289).
Defendant’s second argument, that the complaint fails to state a cause of action (CPLR 3211 [a] [7]), also lacks merit. Taking the allegations of the complaint as true, which, of course, the court must when, as here, dismissal is sought under CPLR 3211 (a) (7) (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275), the allegations plainly assert that the defendant’s automobile was being used to transport and carry a controlled substance and that said automobile owned by the defendant was used to facilitate the transportation of a controlled substance. Since section 3388 (1) (a) of the Public Health Law makes it unlawful to use a motor vehicle to transport and carry a controlled substance, and section 3388 (1) (c) makes it unlawful to use a motor vehicle to facilitate the transportation of a controlled substance, the Property Clerk’s complaint clearly states a cause of action against the defendant owner of the vehicle, particularly when it is observed that section 14-140 (b) of the Administrative Code *435 authorizes the Property Clerk to take into custody all property used in violation of the law.
Because the defendant was not present at the time of the driver’s arrest and subsequent seizure of her vehicle, defendant further argues that the complaint is deficient because it does not allege that she knew her automobile was being used for an unlawful or improper purpose at the time it was seized by the police. Although section 14-140 of the Administrative Code contains no ameliorative provisions, the court observes that under a different forfeiture provision, section 3388 of the Public Health Law, subdivision 6 (a) thereof provides that “[Qorfeiture shall not be adjudged where the owners establish by preponderance of the evidence that: (a) the use of such seized property, in violation of subdivision one of this section, was not intentional on the part of any owner”. Note that under this subdivision it is the property owners who bear the burden of proof of establishing lack of knowledge of an unlawful use of their property. Thus, guided by that clearly expressed legislative intent, the court holds that in a forfeiture proceeding instituted by the Property Clerk under section 14-140 of the Administrative Code, it is an affirmative defense that the defendant property owner did not know that his or her property was being used for an unlawful purpose. But as an affirmative defense it is the defendant who has the burden to plead and prove it (see, CPLR 3018 [b]), and not the plaintiff Property Clerk.
Accordingly, the defendant’s motion to dismiss the complaint is denied.