OPINION OF THE COURT
Karla Moskowitz, J.
Plaintiff, Property Clerk of the New York City Police Department, brings this forfeiture action pursuant to section 14-140 of the Administrative Code of the City of New York. Defendant moves to dismiss the complaint on the grounds that the Property Clerk lacks the authority to bring this action in *708 his own name (CPLR 3211 [a] [3]) and the complaint fails to state a cause of action (CPLR 3211 [a] [7]).
On September 10, 1986, a police officer allegedly observed Mathew Orr purchase drugs and enter a 1979 Chevrolet automobile parked nearby. Mary Covell, daughter of the defendant, was allegedly waiting in the car. Both individuals were arrested and charged with criminal possession of a controlled substance and unlawful possession of marihuana. At the time of the arrest the car was seized by the police as the instrumentality of criminal activity and delivered into the custody of the Property Clerk. Plaintiff commenced this action against defendant, the registered owner of the seized automobile.
AUTHORITY OF PROPERTY CLERK TO BRING FORECLOSURE ACTION
The Property Clerk exercises authority delegated to him by the New York City Corporation Counsel to bring forfeiture actions.* The Corporation Counsel appointed the Property Clerk of the New York City Police Department as a Special Assistant Corporation Counsel and delegated to him the authority to represent the Police Department in certain civil litigation including prosecution of forfeiture proceedings on behalf of the city and the Police Department pursuant to New York City Charter § 392 (a) and § 394 (c).
The question here is the authority of the Property Clerk to bring this action under local law pursuant to the delegation of authority from the Corporation Counsel. Defendant has made no showing that such a delegation of authority by the Corporation Counsel is inappropriate or prohibited. Moreover, recent cases interpreting McClendon v Rosetti (460 F2d 111 [2d Cir 1972], on remand 369 F Supp 1391 [SD NY 1974] [see, discussion, infra]) have applied the McClendon procedures without questioning the Property Clerk’s authority to bring the action. (Moreno v City of New York, 69 NY2d 432; Property Clerk v Seroda, 131 AD2d 289 [1st Dept 1987].) On the record before it, the court finds that the Property Clerk, pursuant to the authority delegated to him by the Corporation Counsel, is *709 authorized to commence such actions under Administrative Code § 14-140. Therefore, dismissal of the complaint pursuant to CPLR 3211 (a) (3) is unwarranted.
PLAINTIFF’S BURDEN OF PLEADING AND PROOF
Forfeiture proceedings are brought as actions to declare the rights of the parties to the seized property. Administrative Code § 14-140 (b) provides that the Property Clerk shall take custody of and retain all property and moneys suspected of being the instrumentality or proceeds of a crime. Section 14-140 (e) provides that a person who so obtained, used or held such property or moneys or "permitted or suffered” the property to be so used or held "shall not be deemed to be the lawful claimant entitled to any such moneys or property”.
In McClendon v Rosetti (460 F2d 111 [2d Cir 1972], supra) the court held former section 435-4.0 (now § 14-140) unconstitutional as applied to persons from whom property, other than contraband, was seized and not returned although no longer needed as evidence in a criminal proceeding or unrelated to a criminal proceeding. The court found that the provision violated due process rights by requiring those claimants to institute judicial proceedings to recover property and to bear the burden of proving entitlement to the property. The case was remanded to the District Court to determine the rights of the class and to fashion appropriate injunctive relief to avoid further perpetuation of the practices found to be violative of due process.
On remand, the District Court issued an order dated July 15, 1974 (McClendon v Rosetti, 369 F Supp 1391 [SD NY 1974], supra) providing a procedure for return of property other than contraband taken at the time of arrest. The court provided that a claimant’s demand for return of property is timely if made within 90 days after the District Attorney issues a release certifying that the property is not needed as evidence or that criminal proceedings have terminated. Within 10 business days of a timely demand, the Police Property Clerk must either release the property or, where there is reasonable cause to believe that the property was stolen, unlawfully obtained or was the proceeds or instrumentality of a crime, the Property Clerk or other authorized person must commence a forfeiture proceeding or other similar proceeding.
The Property Clerk bears the burden of proof of entitlement to the property by a preponderance of the evidence. Under *710 section 14-140, entitlement to retention of the property is established by proving that the defendant "permitted or suffered” the property to be used as the instrumentality of a crime. However, this court finds that to state a viable cause of action for forfeiture under section 14-140 of the Administrative Code, the complaint must allege not only that the car was used in the commission of a crime but also that a defendant owner, not present when the alleged crime took place, had knowledge that the car would be so used. This court respectfully disagrees with the well-reasoned decision in Property Clerk, N Y. City Police Dept, v Scricca (140 Misc 2d 433, 435) based on Public Health Law § 3388 (6), which concluded that "it is an affirmative defense that the defendant property owner did not know that his or her property was being used for an unlawful purpose.”
Other forfeiture proceedings under the Public Health Law (vehicles used in felony narcotics offenses) and under the Penal Law (vehicles used in connection with gambling records) require owners to establish by a preponderance of the evidence that the use was, inter alia, not intentional. (Public Health Law § 3388 [6]; Penal Law § 415.00 [6].) These statutory procedures are distinct from Property Clerk actions which must comply with both the Administrative Code and McClendon (supra) requirements. (See, Property Clerk, N. Y. City Police Dept. v Seroda, 131 AD2d 289 supra.)
Thus, this court finds that plaintiff must plead that the property owner knew his car was being used for an unlawful purpose and must then prove the defendant permitted or suffered the car to be used for an unlawful purpose.
Since the complaint fails to allege facts sufficient to establish that defendant permitted or suffered her car to be used by her daughter as the instrumentality of a crime, the motion to dismiss pursuant to CPLR 3211 (a) (7) is granted with leave to replead in accordance with the foregoing.

 Contrary to defendant’s assertions, other forfeiture statutes such as CPLR articles 13-A and 72 as well as section 3388 of the Public Health Law are not relevant to the issue of the Property Clerk’s authority to commence actions under section 14-140 of the Administrative Code. Defendant has made no showing of preemption of the field to preclude forfeiture under local law.