OPINION OF THE COURT
Richard F. Braun, J.
This is a property forfeiture action pursuant to Administra *361 tive Code of the City of New York § 14-140 (b) and (e) (1). Plaintiff is suing to obtain a judgment that defendant’s 1996 Honda Accord be forfeited to plaintiff. Movant Chrysler Financial Company, L. L. C. (Chrysler) seeks leave to intervene in this action as a defendant and sought an injunction barring plaintiff from releasing the subject vehicle to defendant. That latter branch of the motion was withdrawn by stipulation.
Defendant purchased the subject Honda Accord and entered into a retail installment contract (contract) to finance the purchase. The contract was assigned to Chrysler’s predecessor by merger, Chrysler Financial Corporation. Chrysler has a perfected security interest in the subject vehicle. On June 17, 1999, defendant was arrested for allegedly driving his vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (2) and (3), and his car was seized in connection with his arrest. Then this forfeiture action ensued.
Defendant failed to make his monthly installment payments under the contract for July 7, 1999 and each month thereafter. That failure constitutes a default under the contract, as does plaintiff’s confiscation of the car. Due to the defaults, Chrysler had the right under the contract and Uniform Commercial Code § 9-503 to take possession of defendant’s car, at both the time of plaintiff’s confiscation and then of defendant’s failure to make the July 7, 1999 payment.
Movant argues that it should be able to intervene in this forfeiture action, pursuant to CPLR 1012 (a) (3), because it involves the disposition of property, and movant would be adversely affected by a judgment in this action. Movant further contends that 38 RCNY 12-36 (b) provides for the right of movant to intervene in this action.
Administrative Code § 14-140 (b) provides in pertinent part: “Custody of property and money. All property * * * taken from the person or possession of a prisoner * * * all property * * * suspected of having been used as a means of committing crime or employed in aid or furtherance of crime * * * shall be given, as soon as practicable, into the custody of and kept by the property clerk.” Administrative Code § 14-140 (e) (1) provides in relevant part: “Where * * * property * * * ha[s] been used as a means of committing crime or employed in aid or in furtherance of crime * * * a person who so * * * used, [or] employed * * * any such * * * property or permitted or suffered the same to be used, [or] employed * * * or who was a participant or accomplice in any such act, or a person who *362 derives his or her claim in any manner from or through any such person, shall not be deemed to be the lawful claimant entitled to * * * such * * * property.”
The constitutionality of Administrative Code § 14-140 has been upheld (Property Clerk of N. Y. City Police Dept. v Molomo, 81 NY2d 936, 938 [1993]). The Appellate Division, First Department, has upheld the propriety of commencing civil forfeiture actions as to vehicles seized from intoxicated drivers (Grinberg v Safir, 266 AD2d 43 [1st Dept 1999]).
The prior forfeiture ordinance of plaintiff was held to be constitutionally infirm (McClendon v Rosetti, 460 F2d 111 [1972]). 38 RCNY 12-36 was enacted to cure the due process deficiencies found therein. The Rule provides in material part:
“When the property clerk has reasonable cause to believe that property * * * was the * * * instrumentality of a crime * * * the property clerk may refuse to return the property and may cause a civil forfeiture proceeding or other similar civil proceeding to be initiated in accordance with the following * * *
“(b) Notice of commencement of a forfeiture proceeding by the property clerk shall include a statement of the grounds upon which the property clerk seeks to justify the continued retention of the property. Any such proceeding shall provide the claimant and any other interested persons with an adequate opportunity to be heard within a reasonable period of time.”
Plaintiff argues that it complied with 38 RCNY 12-36 by giving movant notice that the subject vehicle had been seized. Clearly that was not sufficient compliance with the Rule. Movant is a person interested in this forfeiture action because of movant’s security interest in the subject vehicle and movant’s superior right of possession therein over defendant, due to the latter’s defaults. Pursuant to the Rule, movant has to be given an opportunity to be heard in this action. Otherwise, no meaningful protection of the interests of a person such as movant is given by the Rule’s provision as to an opportunity to be heard.
Furthermore, this forfeiture action involves the disposition of and title to the subject vehicle, and movant would be adversely affected by a judgment in favor of plaintiff against defendant. The commencement of the forfeiture action precluded movant from acting to enforce its right of possession due to defendant’s defaults under the contract (see, Property *363 Clerk of N. Y. City Police Dept. v Molomo, supra, 81 NY2d, at 938). A judgment in this forfeiture action would cut off movant’s right against defendant as to possession of the subject vehicle. Movant would be left to the remedies of collecting the moneys owed to it through the proceeds of sale of the subject vehicle by plaintiff and pursuing defendant for a likely deficiency (see, Property Clerk of N. Y. City Police Dept. v Molomo, supra, 81 NY2d, at 938; cf., City of New York v Salamon, 161 AD2d 470, 471 [1st Dept 1990] [same under Administrative Code §§ 20-468, 20-469]).
Plaintiff cites Taw Intl. Leasing v Overseas Private Inv. Corp. (57 AD2d 799 [1st Dept 1977]) in support of its position that intervention should not be permitted here. There, insurers to whom the plaintiff owed moneys on earned but unpaid premiums wanted to intervene in the plaintiff’s action for declaratory relief against other creditors of the plaintiff, who counterclaimed against the plaintiff. The motion was denied because, among other reasons, the insurer had no direct interest in the outcome of the plaintiff’s action. Here the movant has such an interest in the property which is the subject matter of this action.
Therefore, the movant should be allowed to intervene. This way the movant will be able to protect its interests, including, as it argues, attempting to assure that this action moves as swiftly as possible to disposition, so that the value of the subject car will not continue to depreciate if plaintiff lets the action languish. To that end, a preliminary conference has been scheduled before the court.
Finally, plaintiff is correct that, when the movant serves its proposed verified answer and cross claims, submitted pursuant to CPLR 1014, the pleading cannot contain the third affirmative defense. That defense states that it is pursuant to CPLR article 13. That article relates to actions by the State of New York. That is not the situation here. If the movant meant CPLR article 13-A, as discussed in the affirmations of movant’s attorney, that article does not apply here either. That is a totally different forfeiture scheme than the one in Administrative Code § 14-140 (Matter of Property Clerk of N. Y. City Police Dept. v Ferris, 77 NY2d 428, 431 [1991]). Thus, that affirmative defense must be deleted from the proposed pleading when it is served.