■ PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Respondent, v PATRICK N. FOLEY, Respondent, and FORD MOTOR CREDIT COMPANY, Proposed Intervenor-Appellant. PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Respondent, v ARGENTINA R. POQUERO, Also Known as ARGENTINA ROSARIO-PEQUERO, et al., Respondents, and MITSUBISHI MOTORS CREDIT OF AMERICA, INC., Proposed Intervenor-Appellant. PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Respondent, v JOSE NUNEZ, Respondent, and MITSUBISHI MOTORS CREDIT OF AMERICA, INC., Proposed Intervenor-Appellant. PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Respondent, v KIM CHUL HYUNG, Respondent, and CHRYSLER FINANCIAL COMPANY, L. L. C., Proposed Intervenor-Appellant. [724 NYS2d 580] —Orders, Supreme Court, New York County (Phyllis Gangel-Jacob, Franklin Weissberg, and Louise Gruner Gans, JJ.), entered March 17, April 18, June 30 and July 27, 2000, which, in four forfeiture proceedings by plaintiff Property Clerk against defendant vehicle owners, denied motions by appellant vehicle finance companies for leave to intervene and for preliminary injunctions prohibiting plaintiff from releasing the vehicles to defendants, unanimously affirmed, without costs.

Appellants' security interests in the subject vehicles will not be adversely affected by any judgments to be entered in these actions, and, given the likely delay that would attend consideration of appellants' rights against defendant vehicle owners, we perceive no useful advantages to be gained by appellants' intervention (see, CPLR 1012 [a] [3]; 1013). Appellants have no present possessory right in the vehicles (Property Clerk of N. Y. City Police Dept. v Molomo, 81 NY2d 936). Their remedy, in the event of forfeiture, is to receive the proceeds from the City's forfeiture sale and to seek any deficiency from defendant vehicle owners (id.), and, in the event of nonforfeiture, to sue defendants for return of the vehicles or for such other relief as might be provided in their contracts with defendants. The notices of the actions that appellants were given enable them to monitor the progress of the actions, such that, upon resolution of the actions, appellants can take whatever steps they deem necessary to protect or enforce their security interest. Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.