■ COUNTY OF NASSAU, Respondent, v SHEILA WILDERMUTH, Appellant. [747 NYS2d 24] —In a civil forfeiture action pursuant to Administrative Code of the County of Nassau § 8-7.0 (g), the defendant appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated June 27, 2001, which, upon an order of the same court, dated June 6, 2001, searching the record and granting summary judgment in favor of the plaintiff, declared that the defendant had forfeited all right, title, and interest in a certain 1996 Mazda automobile.

Ordered that the judgment is affirmed, with costs.

The defendant was arrested for misdemeanor driving while intoxicated (hereinafter DWI) (*see* Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [b]). Incident to the defendant's ar-

rest, her 1996 Mazda automobile was seized. The defendant pleaded guilty to the lesser charge of driving while ability impaired (hereinafter DWAI) as proscribed by Vehicle and Traffic Law § 1192 (1), a traffic infraction (*see* Vehicle and Traffic Law § 155; *People v Cruz,* 48 NY2d 419). Thereafter, the plaintiff, County of Nassau, commenced this action for the forfeiture of the defendant's car.

It is well settled that automobiles operated by intoxicated drivers may be seized and sold pursuant to civil forfeiture laws (*see* CPLR art 13-A; *Grinberg v Safir,* 266 AD2d 43; *Property Clerk, N.Y. City Police Dept. v Duck Jae Lee,* 183 Misc 2d 360). Pursuant to section 8-7.0 (g) of the Nassau County Administrative Code, "instrumentalities of a crime" seized incident to arrest, are subject to civil forfeiture upon conviction of a misdemeanor, crime, or petty offense. Notwithstanding that Vehicle and Traffic Law § 155 provides that traffic infractions are not crimes, CPL 1.20 (39) defines a petty offense to include traffic infractions. The defendant's sole contention that, because a traffic infraction is not a crime pursuant to the Vehicle and Traffic Law, it cannot serve as a predicate for civil forfeiture, is a non sequitur. There is no reason in law or logic that the Criminal Procedure Law definition of a petty offense, which includes traffic infractions, may not be applied to the otherwise undefined term "petty offense" within the Nassau County Administrative Code (*see People v Reed,* 265 AD2d 56, 65-67).

That the defendant considers the forfeiture of her car to be excessive punishment for a DWAI conviction is apparent. However, the defendant has expressly eschewed any constitutional challenges to the Administrative Code and thus we express no opinion as to constitutional issues implicated by this appeal. Accordingly, the Supreme Court properly awarded summary judgment to the plaintiff on its civil forfeiture action. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.