Anthony M. Cerreto Informal Opinion Village Attorney No. 2004-14 Village of Port Chester 10 Pearl Street Port Chester, NY 10573
Dear Mr. Cerreto:
You have asked several questions concerning the types of penalties the Village of Port Chester may impose for violations of its zoning regulations. You have inquired whether the Village may adopt a local law providing for a civil penalty in addition to a fine or imprisonment and whether there is a limitation on the amount of a fine that may be imposed. You have further asked whether the Village may provide that a second offense shall be deemed a misdemeanor and a third offense deemed a felony. Finally, you have inquired whether the Village may require the disgorgement of any profit upon conviction of a residential occupancy violation.
We conclude that both civil and criminal penalties are authorized and that fines must be consistent with the designation and classification of offenses under the Penal Law. We further conclude that the Village does not have authority to designate an offense as a felony. With respect to your final inquiry, we believe that the disgorgement of profit upon conviction of a residential occupancy violation may be required by utilizing alternate sentence procedures authorized by the Penal Law, or through enactment of a carefully crafted civil forfeiture law.
ANALYSIS
 A. Authority for Civil Penalties and Limitations on Penalties andFines
Your first question is whether the Village may provide for civil penalties, in addition to criminal fines and imprisonment, for violations of its zoning regulations. Article 7 of the Village Law, which governs a village's regulation of zoning matters, provides specific authority for a village to enforce its zoning regulations through actions for an injunction, but does not address penalties for zoning violations. See Village Law § 7-714
(authorizing proper village authorities, "in addition to other remedies," to institute actions to prevent, correct or abate zoning violations). You have informed us that the Village's current zoning regulations were adopted as local laws in 1975. Thus, Village Law § 20-2006, which defines the penalties that may be imposed for violations of village ordinances adopted prior to September 1, 1974, including specified penalties for violations of zoning ordinances, has no application to the Village's zoning code.[1] However, we have previously recognized that a village may use its home rule powers to establish penalties for violations of its local laws. See Op. Att'y Gen. (Inf.) No. 88-30 (village may establish by local law penalty provisions for violation of its sewer use regulations). Municipal Home Rule Law § 10(4)(b) authorizes a local government to prescribe that violations of its local laws are to constitute misdemeanors and lesser offenses, "and to provide for the punishment of violations thereof by civil penalty, fine, forfeiture or imprisonment, or by two or more ofsuch punishments" (emphasis added). Accordingly, the Village may adopt a local law providing for enforcement of its zoning regulations through both civil penalties and criminal fines. See
Op. Att'y Gen. (Inf.) No. 88-22 (Municipal Home Rule § 10(4)(b) specifically authorizes village to establish penalties for violations of local laws). Civil penalties are recoverable in a civil action instituted by the village, while fines are imposed as part of the sentence in a criminal proceeding.
With respect to determining an appropriate penalty or fine, we have noted that "[p]enalties for violation of a local regulation should have a reasonable relationship to the severity of the violation and should not be abhorrent to a sense of justice or shocking to the conscience. The reasonableness of the [penalty or] fine will depend on the nature of the particular violation." Op. Att'y Gen. (Inf.) No. 93-14 (internal citations omitted); accord
Op. Att'y Gen. (Inf.) No. 88-30; Op. Att'y Gen. (Inf.) No. 85-30; Op. Att'y Gen. (Inf.) No. 84-32. Thus, in setting both civil penalties and criminal fines, the village board must consider the nature and seriousness of the prohibited conduct.
Further, with respect to criminal fines for local law violations, local governments are subject to the provisions of the Penal Law governing the classification and designation of offenses. See,e.g., Op. Att'y Gen. (Inf.) No. 88-30. Thus, the amount that may be imposed upon conviction in a criminal proceeding will depend upon the designation and classification of the offense. If the local law designates the offense as a violation[2] without specifying the fine, the fine is to be fixed by the court and may not exceed $250. Penal Law § 80.05(4). If the offense is designated a class A or B misdemeanor[3], the fine is set by the court, but may not exceed $1000 or $500, respectively. Penal Law §80.05(1),(2). The Penal Law provides for higher maximum fines for corporate defendants. See Penal Law § 80.10. For violations and unclassified misdemeanors[4], the fine may be specified in the local law establishing the offense. See Penal Law §§ 80.05(3),(4).See generally Op. Att'y Gen. (Inf.) No. 88-30; Op. Att'y Gen. (Inf.) No. 85-30. Thus, the maximum fine that may be imposed in connection with a violation of the Village zoning code will vary depending upon the designation and classification of the offense.
B. Designating the Classification for Multiple Offenses
You have also asked whether the Village may provide that a second offense for violation of its zoning regulations is a misdemeanor and a third offense is a felony.
We are not aware of any authority for a village to designate the violation of a local law as a felony. Municipal Home Rule Law §10(4)(b) authorizes a local government to prescribe that violations of its local laws shall constitute "misdemeanors, offenses, or infractions." Although in other contexts the term "offense" broadly refers to any level of criminal conduct, see
Penal Law § 10.00(1) (offense means conduct for which a fine or term of imprisonment is provided by state or local law), we have consistently interpreted this provision as authorizing the designation of local law violations as misdemeanors or lesser
offenses, i.e., violations and infractions. See, e.g., Op. Att'y Gen. (Inf.) No. 85-23; see also Criminal Procedure Law § 1.20(39) (defining "petty offense" as violation or traffic infraction). Moreover, Municipal Home Rule Law § 10(4)(b) derives from provisions of the former City Home Rule Law, Village Home Rule Law and County Law that specifically authorized the designation of local offenses as misdemeanors[5], lending support to the conclusion that the Municipal Home Rule Law provision was intended to authorize the designation of local offenses as misdemeanors or lesser offenses. We are not aware of any other statute or common law rule that would authorize a local government to designate the violation of a local law as a felony. Moreover, the authority of a village to designate infractions of its local laws as misdemeanors or violations but not felonies is consistent with the trial jurisdiction of the local criminal courts, which extends only to offenses other than felonies, see Criminal Procedure Law §10.30(1), and with state law governing the enforcement of village ordinances, see Village Law § 20-2006 (establishing penalties for ordinances adopted prior to 1974 that are consistent with designation of offenses as violations or misdemeanors).
While we conclude that the Village is not authorized to declare that subsequent zoning violations shall constitute felonies, we believe that the Village, exercising its home rule powers, may provide that a first offense under its zoning law is a violation and a second offense is a misdemeanor. The creation of escalating penalties or higher classification of an offense for subsequent convictions within a specified period is not uncommon[6]. Although not directly applicable to violations of the Village's zoning laws, we note that the Legislature has provided for escalating penalties for subsequent violations of village zoning ordinances.See Village Law § 20-2006(1-a) (providing for term of imprisonment up to six months and escalating fine limits from $350 to $1000 for multiple convictions within a five-year period); seealso Town Law § 268 (same, town zoning ordinances). We thus conclude that the Village may designate a first offense of its zoning laws as a violation and a second offense as a misdemeanor.
C. Disgorgement of Profits
Your final question relates to the ability of the Village to order the disgorgement of profits in connection with residential occupancy violations. In a subsequent telephone conversation you offered an example of the type of situation that such legislation would seek to address: A landlord owns property that is zoned for single family occupancy but leases the property for occupancy by two or more families, thereby obtaining additional rents in violation of the local zoning code. Your question is whether any such illegal profits may be recovered in an action to enforce the zoning regulation.
First, we note that the Penal Law already provides a procedure whereby the court, instead of imposing the fine otherwise authorized upon conviction of a misdemeanor or violation, may sentence the defendant to pay an amount not exceeding double the amount of the defendant's gain from the commission of the offense. Penal Law § 80.05(5); id. § 80.10(1)(e),(2)(b) (fines for corporations). The Penal Law sets forth the procedure for determining the defendant's "gain," and allows the court to fix the amount of the fine accordingly. See Penal Law § 80.00(2),(3); id. §§ 80.05(5), 80.10(3). Thus, state law already provides a mechanism whereby illegal financial gain may be used as the basis for imposition of a higher fine. Village officials might consider whether the availability of such profit-measured fines may be sufficient to address the concerns regarding local residential occupancy violations.
The disgorgement of illegal profits may also be viewed as a form of forfeiture. New York has enacted a comprehensive civil forfeiture provision that allows for the recovery of property constituting either the instrumentality or the proceeds (or substituted proceeds) of a crime. See C.P.L.R. art. 13-A; id.
1310(1),(2),(4); id. 1311. However, that statute applies only to forfeitures in connection with felonies, see id. 1310(5),(6) (defining forfeiture crimes), and courts have indicated that the state statute does not preempt local forfeiture laws. See Grinbergv. Safir, 266 A.D.2d 43, 43 (1st Dep't 1999); Property Clerk, NewYork City Police Dep't v. Covell, 139 Misc.2d 707,708 fn. * (Sup.Ct. N.Y. County 1988); see also C.P.L.R. 1352 ("The remedies provided for in this article are not intended to substitute for or limit or supercede the lawful authority of any public officer or agency or other person to enforce any other right or remedy provided for by law."); Matter of Property Clerk of New York CityPolice Dep't v. Ferris, 77 N.Y.2d 428, 431 (1991) (procedural provision of state civil forfeiture scheme does not apply to forfeiture proceeding commenced pursuant to city's administrative code). Moreover, the requirement that local laws be consistent with general state laws is not at issue here, inasmuch as your local law would relate to convictions for misdemeanors and lesser offenses, while the state civil forfeiture provision governs only felonies.
As noted earlier, forfeiture is one of the remedies specifically authorized for enforcement of local laws. Municipal Home Rule Law § 10(4)(b); see Op. Att'y Gen. (Inf.) No. 92-5 (city may enact a local law providing for forfeiture of property used in commission of local law violations). Thus, we believe the Village has authority to adopt a local law authorizing the forfeiture of proceeds obtained through commission of a local offense.
With respect to how such a law might be structured, we note that civil forfeiture laws have raised various constitutional concerns, including whether the law contains adequate procedural protections and is designed to avoid forfeitures that violate the federal and state constitutional prohibitions against excessive fines. See,e.g., County of Nassau v. Canavan, 1 N.Y.3d 134 (2003) (finding county forfeiture law unconstitutional because it did not provide for prompt post-seizure hearing and allowed for forfeitures that would constitute excessive fines); see generally 5 McQuillan,Municipal Corporations § 17.8 (2004). A local forfeiture law therefore must be carefully drafted to ensure compliance with these constitutional principles.
CONCLUSION
In sum, we conclude that the Village is authorized under its home rule powers to provide for both civil and criminal penalties for violation of local zoning laws, but that criminal penalties must be consistent with the designation and classification of offenses under the Penal Law. We further conclude that the Village may provide for increased penalties for subsequent convictions under its zoning code, but may not designate any such offense as a felony. Finally, we are of the opinion that disgorgement of profits upon conviction of a zoning violation may be obtained through the use of an alternate sentence as authorized by the Penal Law, or through enactment of a carefully crafted civil forfeiture law.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
LAURA ETLINGER, Assistant Solicitor General
[1] In 1974, the Legislature eliminated the power of villages to adopt ordinances; villages may now legislate exclusively through the adoption of local laws. See Op. Att'y Gen. (Inf.) No. 83-48. Accordingly, by its terms, the penalties provided for in Village Law § 20-2006 apply only to ordinances adopted prior to September 1, 1974, that have not been superceded by local laws. See Op. Att'y Gen. (Inf.) No. 88-30; Memorandum of Secretary of State (July 12, 1985), reprinted in Bill Jacket for ch. 488 (1985), at 11.
[2] An offense defined in provisions outside the Penal Law will be deemed a violation if the law defining the offense provides for a sentence to a term of imprisonment of no more than 15 days or provides for a fine only. See Penal Law § 55.10(3)(a).
[3] A local law may specify that an offense is a Class A or Class B misdemeanor. Where the local law declares an offense to be a misdemeanor but does not designate the class or specify the sentence, the offense is deemed a Class A misdemeanor. See Penal Law § 55.10(2)(b).
[4] An offense is deemed to be an unclassified misdemeanor where the local law defining the offense simply provides for a sentence that includes a term of imprisonment of more than 15 days and less than one year. See Penal Law § 55.10(2)(c).
[5] Municipal Home Rule § 10(4)(b) derives from former City Home Rule Law § 11(3)(b), former County Law § 304(7)(c) and former Village Home Rule Law § 11(3)(b). See Memorandum of Office of Local Government (April 15, 1963), reprinted in Bill Jacket for ch. 843 (1963), at 3, 4. Those provisions were repealed when the Municipal Home Rule Law was enacted. See Municipal Home Rule Law § 58.
[6] There are numerous provisions of state law classifying subsequent convictions as more serious offenses. See, e.g., General Business Law § 396-w (first offense is a violation, subsequent offenses are class B misdemeanors); Labor Law § 213
(first offence subject to civil penalty, second offense is a misdemeanor); Vehicle and Traffic Law § 1192 (first offense is a misdemeanor, subsequent offenses are felonies). The Criminal Procedure Law establishes procedures for determining an enhanced sentence based upon prior convictions, see Criminal Procedure Law § 400.40, and establishing prior convictions that raise an offense to a higher grade, see id. §§ 60.40(3), 200.60.