■ COUNTY OF NASSAU, Respondent, v KENNETH K. PAZMINO et al., Appellants, et al., Defendant. [836 NYS2d 653]—

In a civil forfeiture action pursuant to Administrative Code of the County of Nassau § 8-7.0 (g), the defendants Kenneth K. Pazmino and Klaus Pazmino appeal from an order of the Supreme Court, Nassau County (Brennan, J.), dated March 3, 2006, which denied that branch of their motion which was to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The defendant Kenneth Pazmino was convicted of driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1). Thereafter, pursuant to Administrative Code of the County of Nassau § 8-7.0 (g), the County of Nassau commenced this civil forfeiture action, seeking title to the vehicle Kenneth was driving when he was arrested for the subject offense. Kenneth, along with defendant Klaus Pazmino, who allegedly was the titleholder of the vehicle, moved, inter alia, to dismiss the complaint on, among other grounds, the ground that section 8-7.0 (g) violated Civil Rights Law § 79-b. The Supreme Court denied the motion, and we affirm.

In pertinent part, Civil Rights Law § 79-b provides that "[a] conviction of a person for any crime, does not work a forfeiture of any property, real or personal, or any right or interest therein." It is evident that this section of the Civil Rights Law prohibits a conviction, in and of itself, from operating to divest title a convicted person may have in real or personal property, whether connected to the subject crime or not. But that is not what the County sought to accomplish with Nassau County Code § 8-7.0 (g). As relevant here, and, except as provided in CPLR article 13-A, that provision authorizes the County to commence a civil forfeiture action to obtain title to the instrumentality of a crime (including violations of Vehicle and Traffic Law § 1192 that constitute "traffic infractions"; see County of Nassau v Wildermuth, 295 AD2d 553 [2002]), which is defined as "any property, other than real property and any buildings, fixtures, appurtenances, and improvements thereon, whose use contributes directly and materially to the commission of any offense" (Administrative Code § 8-7.0 [g] [1] [d]). Thus, it is evident that the challenged provision does not work a general forfeiture of a defendant's interest in any property simply because of a conviction. Accordingly, section 8-7.0 (g) does not run afoul of Civil Rights Law § 79-b.

Furthermore, Civil Rights Law § 79-b and its Penal Law

antecedents have been the law in this State, in one form or another, for well over a century. As the Supreme Court observed, the Legislature enacted CPLR article 13-A, which authorizes civil forfeiture in felony cases, including the forfeiture of the instrumentality of a crime, in 1984. We doubt that the Legislature would have done so if the Civil Rights Law had the meaning the appellants ascribe to it.

Section 8-7.0 (g) has not been preempted by the Vehicle and Traffic Law (*see Grinberg v Safir*, 266 AD2d 43 [1999]), or any of the other provisions cited by the appellants.

The appellants' remaining contentions are without merit. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.