06-4600-cv(L)
Ford Motor Credit Co. v. NYC Police Dep't

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2006
(Argued: February 12, 2007    Decided: September 24, 2007)
Docket Nos. 06-4600-cv(L); 06-4861-cv(XAP)

-------------------------------------------------------x

FORD MOTOR CREDIT CO.,

Plaintiff-Appellee-Cross-Appellant,

-- v. --

NYC POLICE DEPARTMENT, PROPERTY CLERK, CITY OF NEW
YORK,

Defendants-Appellants-Cross-Appellees.

-------------------------------------------------------x

B e f o r e :  WALKER and HALL, Circuit Judges, and COTE,
District Judge.*

Appeal by the City of New York from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, Judge) requiring, when Ford Motor Credit Company possesses a valid security interest in a vehicle subject to forfeiture pursuant to Title 38, Section 12-36 of the Rules of the City of New York, that the City (1) permit Ford Motor Credit to participate as a party in the forfeiture action and (2) commence the forfeiture action within twenty-five days from the

---

* The Honorable Denise Cote, of the United States District Court for the Southern District of New York, sitting by designation.

-1-

date that Ford Motor Credit makes a demand on the vehicle, provided that a "claimant" would otherwise be entitled to make a demand on the vehicle.

Cross-appeal by Ford Motor Credit from the district court's judgment (1) permitting the City to deduct ten percent of the gross proceeds of the sale of a vehicle deemed forfeited and (2) permitting the City to require Ford Motor Credit to execute a release and indemnification agreement in the City's favor before the City releases the remaining ninety percent of the proceeds, the latter issue having been resolved by agreement of the parties reached after oral argument.

AFFIRMED.

JANET L. ZALEON, Assistant Corporation Counsel (Michael A. Cardozo, Corporation Counsel of the City of New York, Kristen M. Helmers, Sheryl R. Neufeld, of counsel, on the brief), New York, NY, for Defendants-Appellants-Cross-Appellees.

DAVID L. TILLEM and KATHLEEN DALY, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, White Plains, NY, for Plaintiff-Appellee-Cross-Appellant.

JOHN M. WALKER, JR., Circuit Judge:

The state has long had the power to forfeit property used

-2-

for criminal purposes, but the power's pedigree does not excuse the City of New York's continued use of antiquated rules to govern its exercise. Where the federal government once sought to seize tax-delinquent distilleries without a hearing because its need for funds was urgent, Springer v. United States, 102 U.S. 586, 593-94 (1881), the City now seeks to preclude Ford Motor Credit Company ("Ford Motor Credit") from participating in forfeiture proceedings because the City is in no hurry. This it may not do. We therefore affirm the district court's considered judgment in all respects.

**BACKGROUND**

Defendant-Appellant City of New York[1] has authorized its police department to seize any motor vehicle that is "suspected of having been used as a means of committing crime or employed in aid or furtherance of crime," N.Y. City Admin. Code § 14-140(b), as the first step toward obtaining title to the vehicle through civil forfeiture, Krimstock v. Kelly (Krimstock I), 306 F.3d 40, 44 (2d Cir. 2002). Shortly after the City seizes a vehicle, and after affording notice of the seizure to various interested parties, including in many cases the holder of a security interest in the vehicle, the vehicle's owner or driver is "given an opportunity to test the probable validity of the City's

---

[1] We use the term "the City" as shorthand for the various defendants to this action, including the New York City Police Department and the Property Clerk of the City of New York.

deprivation of [the] vehicle[]" pending adjudication of the City's forfeiture case. Krimstock I, 306 F.3d at 70. If the City also wishes to retain the vehicle as "arrest evidence" or "trial evidence" pending conclusion of a criminal proceeding, see 38 R.C.N.Y. § 12-31; Krimstock v. Kelly (Krimstock III),[2] 464 F.3d 246 (2d Cir. 2006), it may do so, see Krimstock III, 464 F.3d at 255; N.Y. City Admin. Code § 14-140(g); 38 R.C.N.Y. § 12-36(a).

After what is now termed a "Krimstock" hearing, if the City can justify the continued retention of a seized vehicle, either because it is likely to prevail in the eventual forfeiture action or because it wishes to retain the vehicle as evidence against the owner or driver, it generally does not press further for forfeiture until the district attorney's office notifies the City that a criminal case against the vehicle's owner or driver will not be brought or has been concluded.[3] 38 R.C.N.Y. § 12-35(d) (providing a method for obtaining a district attorney's release); cf. County of Nassau v. Canavan, 802 N.E.2d 616, 623 (N.Y. 2003) (discussing a similar Nassau County ordinance and noting that "the [forfeiture] action may not be finally resolved for many

---

[2] Although captioned differently, Jones v. Kelly, 378 F.3d 198 (2d Cir. 2004), is the second episode in the Krimstock saga.

[3] Under 38 R.C.N.Y. § 12-34(a), a person may also request that the district attorney release his vehicle to the Property Clerk prior to the conclusion of the related criminal case.

-4-

months or years, particularly because upon motion of . . . the County, the action must be stayed during the pendency of the underlying criminal case"). At that point, a "claimant" may demand a seized vehicle's return. See 38 R.C.N.Y. § 12-31. The "term 'claimant' shall mean [only] the person from whose person or possession [the vehicle] . . . was taken or obtained." Id. If no "claimant" demands the vehicle's return within 120 days of the conclusion of the criminal case, "[t]he [vehicle] may be disposed of by the police property clerk" at his leisure. Id. § 12-32(e)(ii); cf. id. § 12-35(c) (providing that a demand is only "timely if made within 120 days after the termination of criminal proceedings").

If, on the other hand, a claimant demands the vehicle's return, the City must institute a forfeiture action within twenty-five days. Id. § 12-36(a).[4] While only the vehicle's owner and/or driver is a claimant, see id. § 12-31, any party, including a lienholder, is "not [a] lawful claimant" if associated with criminal conduct involving use of the vehicle and thereby precluded from recovering the vehicle, see N.Y. City Admin. Code § 14-140(e) (one who "suffered [his vehicle] to be used" in committing a crime is not a lawful claimant); id. (one

---

[4] As we explained in Krimstock I, "the statute here requires only that a forfeiture proceeding be initiated within 25 days after a claim is made." 306 F.3d at 54 n.14. Ford Motor Credit complains principally that the City is dilatory in prosecuting forfeiture cases once begun.

-5-

who "derives his or her claim in any manner" from someone who is not a lawful claimant is also not a lawful claimant); Krimstock I, 306 F.3d at 56 & nn.16-17. The City must afford all claimants and "any other interested persons" notice of and an opportunity to be heard in the forfeiture proceeding. See 38 R.C.N.Y. § 12-36(b). However, only a "lawful claimant" is entitled to the return of a vehicle seized by the police.[5]

If the City can show by a preponderance of the evidence that it is entitled to forfeit the vehicle, see id. -- because it is connected with criminal activity, thus precluding the existence of a "lawful claimant" to the vehicle -- it may sell the vehicle at auction. If a third party has a security interest in the vehicle, the City will remit ninety percent of the auction proceeds to that party. Ford Motor Credit Co. v. N.Y. City Police Dep't, 394 F. Supp. 2d 600, 604 (S.D.N.Y. 2005). However, in order to obtain these funds, that person must submit an "Auction Proceeds Claim Form" and execute a "General Release with

---

[5] This byzantine statutory scheme is a relic of the days when a "lawful claimant" had to bring a civil action in replevin in order to obtain the return of seized property. Krimstock I, 306 F.3d at 56 n.16. We reiterate what we have said in the past: We see little reason to preserve such a complicated and outdated scheme. See, e.g., Jones v. Kelly, 378 F.3d at 200; Krimstock I, 306 F.3d at 56 n.16 (criticizing "cumbersome construction"); Butler v. Castro, 896 F.2d 698, 703 (2d Cir. 1990) (criticizing failure "to eliminate the obsolete provisions of the Code"); McClendon v. Rosetti, 460 F.2d 111 (2d Cir. 1972).

Indemnification Agreement."[6] Id.

The forfeiture process -- from seizure to auction -- takes considerable time. See id. at 613 ("In [some] instances, the Property Clerk held vehicles for extended periods of time without instituting forfeiture proceedings or selling vehicles as abandoned . . . ."); see also Prop. Clerk v. Duck Jae Lee, 702 N.Y.S.2d 792, 795 (Sup. Ct. 2000). During that time, the value of a seized vehicle often decreases considerably. Cf. Krimstock I, 306 F.3d at 64 ("[L]oss is felt . . . [as] a vehicle . . . continues to depreciate in value as it stands idle in the police lot.").

Plaintiff-Appellee Ford Motor Credit levies a barrage of challenges to the rules governing forfeiture proceedings. Ford Motor Credit principally complains (1) that the City has refused to consider secured creditors as "claimants" (or their analogue) -- although they are in many cases "not lawful claimants" -- thus precluding them from triggering the City's duty to initiate a forfeiture action within twenty-five days and (2) that the City has refused to consider secured creditors as "interested persons" entitled to notice of and an opportunity to be heard in

---

[6] The "General Release with Indemnification Agreement" used at the time the City took this appeal reads in pertinent part: "[T]he releasors will hold harmless the releasee, the New York City Police Department . . . and indemnify same from any claim or claims that may be asserted against them and for any damage, expense or cost which the New York City Police Department may suffer in connection with [the] property."

forfeiture proceedings. Citing <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976), Ford Motor Credit argues that by refusing to permit it to expedite and participate in the forfeiture process, the City has deprived it of property without due process in violation of the Fourteenth Amendment. The District Court for the Southern District of New York (Sidney H. Stein, <u>Judge</u>) entered summary judgment in Ford Motor Credit's favor on these claims.[7] It held that "(i) Ford Credit is entitled to notice and an opportunity to be heard in any forfeiture action commenced by the City concerning a vehicle in which Ford Credit holds a valid security interest; [and] (ii) the City must commence a forfeiture action within a reasonable time upon a demand for a seized vehicle from Ford Credit when Ford Credit holds a valid security interest in

---

[7]   Ford Motor Credit also contends that the City's requirement that secured creditors sign the "General Release with Indemnification Agreement" "shocks the conscience" and violates the Fourteenth Amendment. We need not consider this argument, as the parties have agreed to amend the "General Release with Indemnification Agreement." Finally, Ford Motor Credit argues that the City's retention of ten percent of the auction proceeds constitutes an excessive fine in violation of the Eighth Amendment (or, in the alternative, also "shocks the conscience" in violation of the Fourteenth Amendment). While there is cause for some concern over the poor correlation between the administrative costs the City likely incurs and the flat, ten-percent fee it charges secured creditors, we agree with the district court that the imposition of this fee does not violate the Eighth Amendment and that "[t]he City's actions do not rise to the 'conscience-shocking level' that would be necessary to support a claim of denial of substantive due process." <u>See</u> <u>Ford Motor Credit</u>, 394 F. Supp. 2d at 617 (internal quotation marks omitted).

that vehicle." Ford Motor Credit, 394 F. Supp. 2d at 620.  The City appealed, and we now affirm.

**ANALYSIS**

**I. Application of the Due Process Clause**

In adjudicating due process claims, "we consider two distinct issues: 1) whether plaintiffs possess a liberty or property interest protected by the Due Process Clause; and, if so, 2) whether existing state procedures are constitutionally adequate." Kapps v. Wing, 404 F.3d 105, 112 (2d Cir. 2005).  The City relies on several state-court cases to argue that Ford Motor Credit lacks a property interest in a seized vehicle distinct from its interest in ninety percent of the proceeds from its eventual, post-forfeiture sale (supplemented, to be sure, by any deficiency judgment Ford Motor Credit may obtain against the vehicle's owner).  See, e.g., Prop. Clerk v. Molomo, 613 N.E.2d 567, 567 (N.Y. 1993) ("Ford ha[s] no present possessory right in the vehicle, and its remedy . . . is to receive the proceeds from the City's forfeiture sale and to seek any deficiency against the debtor."); Prop. Clerk v. Foley, 724 N.Y.S.2d 580 (App. Div. 2001) (same); Prop. Clerk v. Aquino, 800 N.Y.S.2d 355 (Sup. Ct. 2004).[8]  We disagree that Ford Motor Credit's only cognizable

_____

[8]  "[I]n the event of nonforfeiture," the City argues that Ford Motor Credit may "sue [vehicles' owners] for return of the vehicles or for such other relief as might be provided in their contracts with [those owners]." Foley, 724 N.Y.S.2d at 580-81.

-9-

property interest is in a vehicle's sale proceeds.  For the three reasons that follow, we conclude that Ford Motor Credit also has a property interest in the present value of a seized vehicle.

First, a security interest is indisputably a property interest protected by the Fourteenth Amendment.  See, e.g., Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 (1983); United States v. 41741 Nat'l Trails Way, 989 F.2d 1089, 1092 (9th Cir. 1993); United States v. 1 St. A-1, 865 F.2d 427, 430 (1st Cir. 1989).  A secured creditor has two rights: the contractual right to repayment of the debt owed and the property right to the collateral that secures the debt in the event of non-payment.  See Armstrong v. United States, 364 U.S. 40, 46 (1960).  Thus, while Ford Motor Credit may (conceivably) protect its contractual right to repayment by seeking ninety percent of the proceeds from a vehicle's sale, the City's delays impair Ford Motor Credit's property right, which is in the collateral itself -- the seized vehicle.  Cf. Armstrong, 364 U.S. at 46 (holding that a valid Takings Clause claim lay where plaintiffs' liens remained in effect but were unenforceable against the collateral following forfeiture); see also Matagorda County v. Law, 19 F.3d 215, 225 (5th Cir. 1994) ("Unmitigated delay, coupled with diminishment of distinct investment-backed expectations, may, at some point, infringe on the entire 'bundle' of rights . . . ." (emphasis omitted)).  Just as in Winston v. City of New York, where we held

-10-

that teachers had a state-created property interest in the present value of their pensions, so too, Ford Motor Credit has a property interest in the present value of a seized vehicle. Cf. 759 F.2d 242, 247-48 (2d Cir. 1985).

Moreover, at common law, when the government forfeits property, "the vesting of its title in the property relates back to the moment when the property became forfeitable." United States v. 92 Buena Vista Ave., 507 U.S. 111, 126 (1993). Under the Takings Clause of the Fifth Amendment, the fair market value of property taken is normally ascertained as of the date of the taking. Yancey v. United States, 915 F.2d 1534, 1543 (Fed. Cir. 1990). Thus, were this a Takings Clause case, Ford Motor Credit might well be entitled to the value of its security interest as of the time the City seized the vehicle. It is hard to square this authority with the City's argument that Ford Motor Credit's property interest for due process purposes is limited to the value of the vehicle at the later time of forfeiture. Cf. Shelden v. United States, 7 F.3d 1022, 1031 (Fed. Cir. 1993) (holding that the government must compensate mortgage holders for the depreciation in their security interest between the date the collateral became forfeitable and the date the government obtained a final judgment of forfeiture).

Our conclusion accords with the Fourth Circuit's decision in In re Metmor Financial, Inc., 819 F.2d 446 (4th Cir. 1987). In

-11-

that case, the court construed the Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 881 (1978), which provides for forfeiture of certain drug-related property, to require the government to pay interest on an interest-bearing lien during the pendency of a forfeiture proceeding. The Fourth Circuit explained,

> [E]ven though forfeiture occurred prior to the actual seizure, the government can succeed to no greater interest in the property than that which belonged to the wrongdoer whose actions have justified the seizure. Ackley purchased the property encumbered by Metmor's secured note, with interest accruing. His equity was subject to an obligation to repay the borrowed principal and to pay interest on the unpaid balance until all of the principal was repaid. The government now attempts to transform that note into one that is unsecured and interest free. Such a result would deprive Metmor of its stake in the forfeited property and would constitute a taking without due process.

Id. at 448-49 (emphasis added).

The City argues that even if Ford Motor Credit has a property interest in the present value of a seized vehicle, delay does not "deprive[] [it] of that interest," Sealed v. Sealed, 332 F.3d 51, 55 (2d Cir. 2003) (emphasis added); see also N.Y. State Nat'l Org. for Women v. Pataki, 261 F.3d 156, 165 (2d Cir. 2001). Again, we disagree. When the state delays resolution of a claim, the claim holder's Fourteenth Amendment rights may be implicated, at least if the claim holder is not in equal part responsible for the delay. See Canavan, 802 N.E.2d at 624 ("[A] hearing [is] required to ensure that . . . innocent owners are not deprived for months or years of cars ultimately proved not to be subject

-12-

to forfeiture."); cf. Connecticut v. Doehr, 501 U.S. 1, 11 (1991) (holding that "cloud[ing] title; impair[ing] the ability to sell or otherwise alienate the property; [and] taint[ing] any credit rating" constitute deprivations); British Int'l Ins. Co. v. Seguros La Republica, S.A., 212 F.3d 138, 141 (2d Cir. 2000) (per curiam) ("[E]ven . . . temporary or partial impairments to property rights . . . are sufficient to merit due process protection." (internal quotation marks and citation omitted)). Here, not only is the present value of the claim diminished by the indeterminacy of its eventual realization, but Ford Motor Credit's property interest in the underlying asset suffers, as the vehicle depreciates over time.

**II. The Process Ford Motor Credit Is Due**

    **A. The City must permit Ford Motor Credit to participate in forfeiture proceedings.**

Pursuant to New York City regulations, the City must "provide the claimant <u>and any other interested persons</u> with an adequate opportunity to be heard" before it may forfeit a seized vehicle. 38 R.C.N.Y. § 12-36(b) (emphasis added). The district court interpreted the term "interested persons" to include secured creditors like Ford Motor Credit. See Ford Motor Credit, 394 F. Supp. 2d at 610-11. We agree.

Section 12-36 explicitly applies only to the driver of a seized vehicle. Compare 38 R.C.N.Y. § 12-36, with 38 R.C.N.Y. § 12-31 (defining a "claimant" as "the person from whose person or

-13-

possession property . . . was taken"). However, the canon of constitutional avoidance, see Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575 (1988); Courtesy Sandwich Shop, Inc. v. Port of N.Y. Auth., 190 N.E.2d 402, 405 (N.Y. 1963), requires that the term "interested persons" be given a broad construction. For instance, an innocent owner must surely be an "interested person." See Prop. Clerk v. Covell, 528 N.Y.S.2d 299, 301 (Sup. Ct. 1988); see also Prop. Clerk v. Pagano, 573 N.Y.S.2d 658, 661 (App. Div. 1991); Krimstock I, 306 F.3d at 57 n.18. Were an innocent owner not an "interested person," 38 R.C.N.Y. § 12-36 might well be unconstitutional.[9]

The City argues that while we should construe the term "interested persons" in § 12-36 broadly, it does not include Ford Motor Credit within its ambit; the City contends that Ford Motor Credit cannot be an interested person because it "has [no] information to contribute on the illegal use of [a seized] vehicle." See Appellants' Br. at 34. Even accepting the City's premise -- that only those with something to contribute to the forfeiture proceeding can be "interested persons" -- its argument

---

[9] Although the Supreme Court has held that a state need not permit an "innocent owner defense," see Bennis v. Michigan, 516 U.S. 442 (1996), in Bennis, like every other forfeiture case considered by the Supreme Court, an innocent owner was at least entitled to "notice [and] an opportunity to contest the [forfeiture]," id. at 446.

-14-

fails. Were Ford Motor Credit permitted to participate in forfeiture proceedings, it could protect its interest in the present value of a seized vehicle in several ways: it could expedite the litigation by moving the court to dismiss the action for failure to prosecute, see Duck Jae Lee, 702 N.Y.S.2d at 795; cf. United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency, 461 U.S. 555, 569 (1983) (noting that a claimant can "file an equitable action seeking an order compelling the filing of [a] forfeiture action or return of the seized property" (citing Slocum v. Mayberry, 15 U.S. (2 Wheat.) 1, 10 (1817))), and also perhaps by seeking an order dismissing the case on account of the vehicle owner's delinquency in meeting deadlines, cf. N.Y. C.P.L.R. 3216; Andrea v. Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C., 840 N.E.2d 565, 569 (N.Y. 2005) ("Litigation cannot be conducted efficiently if deadlines are not taken seriously . . . .").[10]

The City also argues that Ford Motor Credit need not be counted an "interested person" because it could protect its

---

[10] The City also relies on Foley for the proposition that Ford Motor Credit cannot be an "interested party." 724 N.Y.S.2d 580. Not only does it read too much into Foley, cf. Molomo, 613 N.E.2d at 567 (noting that Ford Motor Credit "received actual notice of the City's seizure of the vehicle and . . . [and has] fully participated in legal proceedings pertaining to the vehicle's disposition"); Ford Motor Credit, 394 F. Supp. 2d at 611 n.5 (noting that Foley did not discuss § 12-36), but it ignores that it is federal law that dictates the procedures required by the Fourteenth Amendment, see Krimstock I, 306 F.3d at 60.

-15-

interest in the present value of a seized vehicle by obtaining title to the vehicle. However, "a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation." Mennonite Bd. of Missions, 462 U.S. at 799.

**B. The City must commence forfeiture proceedings within twenty-five days from the date Ford Motor Credit makes a demand on a vehicle, provided that a claimant would otherwise be entitled to make a demand on the vehicle.**

Unlike § 12-36, 38 R.C.N.Y. § 12-31 is clear on its face: Ford Motor Credit is not a "claimant" and may not demand a vehicle's return. We must therefore consider whether the Fourteenth Amendment requires that Ford Motor Credit be treated as a claimant for purposes of triggering the City's duty to commence a forfeiture action within twenty-five days.[11] In answering this question, we have two analytical lenses at our disposal.

In $8,850, the Supreme Court applied the four-factor test propounded first in Barker v. Wingo, 407 U.S. 514 (1972), to a challenge on due process grounds to the length of time between the seizure of property and the initiation of a forfeiture proceeding. See 461 U.S. at 565-70; see also United States v. Banco Cafetero Pan., 797 F.2d 1154, 1163 (2d Cir. 1986) (applying

---

[11] As we have explained, the City may retain a seized vehicle as "arrest evidence" or "trial evidence." Of course, Ford Motor Credit may not seek the premature forfeiture of a vehicle that the City wishes to retain for such purposes.

-16-

Barker test). Yet in Krimstock I, we held that the Mathews v. Eldridge test applied if property holders wished to challenge the "legitimacy" of the City's retention and forfeiture of their property. See 306 F.3d at 68.

It is not clear whether we should apply Barker or Mathews to this case. On the one hand, Ford Motor Credit seeks principally to expedite the forfeiture process, see, e.g., Appellee's Br. at 29-31, and the district court appears to have relied on Barker, 394 F. Supp. 2d at 614. Moreover, the second Mathews factor -- "the fairness and reliability of the existing . . . procedures, and the probable value, if any, of additional procedural safeguards," 424 U.S. at 343 -- is hard to apply, since the gravamen of Ford Motor Credit's complaint is not that the City cannot forfeit seized vehicles, but rather that it must do so more quickly. On the other hand, the fourth Barker factor -- "prejudice to the defendant . . . [such that] the claimant [is hampered] in presenting a defense on the merits," $8,850, 461 U.S. at 564, 569 -- is equally hard to apply in this case. And both the City and Ford Motor Credit seem to agree that Mathews should govern. See Appellants' Br. at 39; Appellee's Br. at 16.

We need not decide the question, however, since § 12-31 is unconstitutional under either application. As the district court explained, "the City has caused substantial delays," 394 F. Supp.

2d at 614, in violation of Barker. Consideration of the Mathews factors -- "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the value of other safeguards; and (3) the government's interest," Krimstock I, 306 F.3d at 60 -- yields the same conclusion.

First, Ford Motor Credit's interest in the present value of a seized vehicle, while not as great as the interest of the vehicle's owner in possession of a seized vehicle -- because seized vehicles are not used by Ford Motor Credit as "a mode of transportation . . . [or] the means to earn a livelihood," id. at 61 -- is still considerable. Indeed, the Supreme Court has affirmed the importance of the income stream derived from ownership of property. See United States v. James Daniel Good Real Prop., 510 U.S. 43, 54 (1993) (noting that "Good was renting his home to tenants," but explaining that even if "the tangible effect of the seizure was limited to taking the $900 a month he was due in rent[,] . . . it would not render the loss insignificant or unworthy of due process protection"); see also Doehr, 501 U.S. at 12. The second Mathews factor also weighs in Ford Motor Credit's favor, to the extent it can be applied. The owner of a vehicle, if he has in fact used the vehicle in the commission of a crime, has little incentive to demand that the City begin forfeiture proceedings. The risk of delay under the current procedures is thus substantial. Third and finally, the

-18-

government's interest in refusing to honor a demand that it commence a forfeiture action (after the conclusion of criminal proceedings) is small. Indeed, one would think that the City would wish to prosecute forfeiture cases rapidly, since it obtains at least ten percent of the eventual sale proceeds. Cf. James Daniel Good Real Prop., 510 U.S. at 55-56 (noting a greater risk of erroneous deprivation where the government has a pecuniary interest in retaining property). We thus agree with the district court that "the City has a constitutional obligation to institute forfeiture proceedings within a reasonable time when an interested party, such as a [secured creditor] like Ford [Motor] Credit, seeks a disposition with respect to a vehicle in which it holds a cognizable property interest." 394 F. Supp. 2d at 615.[12] We note only that we read the district court's opinion to afford Ford Motor Credit the same rights in this respect as a claimant, and no more.[13]

In sum, we agree with the district court that henceforth,

---

[12] We observe in passing that we do not require the City to prosecute forfeiture cases inefficiently; it may still hold blocks of seized vehicles and seek their forfeiture at one time.

[13] Cf. Ford Motor Credit, 394 F. Supp. 2d at 615 ("[T]here is no constitutional requirement that the City recognize Ford Credit as a valid claimant for all purposes pursuant to 38 R.C.N.Y. section 12-35(a). Rather, the City has a constitutional obligation to institute forfeiture proceedings within a reasonable time when an interested party, such as a lienholder like Ford Credit, seeks a disposition with respect to a vehicle in which it holds a cognizable property interest.").

when Ford Motor Credit has a security interest in a seized vehicle, the City must (1) permit Ford Motor Credit to participate as a party in the forfeiture action and (2) commence the forfeiture action within twenty-five days from the date that Ford Motor Credit makes a demand on the vehicle, provided that a claimant would otherwise be entitled to make a demand on the vehicle.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.