■ County of Nassau, Respondent, v William R. Kilcommons et al., Defendants, and Robert W. Bader, Appellant. [845 NYS2d 127]—

In a civil forfeiture action pursuant to Nassau County Administrative Code § 8-7.0 (g) (L 1939, chs 272, 701-709, as amended), the defendant Robert W. Bader appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated October 6, 2006, as denied his motion to dismiss the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant William R. Kilcommons was convicted of driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1). Thereafter, pursuant to Nassau County Administrative Code § 8-7.0 (g) (hereinafter Code § 8-7.0 [g]), the County of Nassau commenced this civil forfeiture action seeking title to the vehicle Kilcommons was driving when he was arrested for the subject offense, which was held, in part, by the defendant Robert W. Bader, and financed by the defendant GMAC. Following joinder of issue by Bader and GMAC, Bader moved to dismiss the complaint insofar as asserted against him, arguing that the County lacked authority to enact Code § 8-7.0 (g). The Supreme Court denied Bader's motion, and we affirm.

As pertinent here, and except as provided in CPLR article 13-A, Code § 8-7.0 (g) "authorizes the County to commence a civil forfeiture action to obtain title to the instrumentality of a crime[,] (including violations of Vehicle and Traffic Law § 1192 that constitute 'traffic infractions' ") (*County of Nassau v Pazmino*, 40 AD3d 905, 906 [2007]; *see County of Nassau v Wildermuth*, 295 AD2d 553, 554 [2002]). Contrary to Bader's argument, the County had authority to enact such a provision, which is neither inconsistent with nor preempted by State law (*see Matter of Penny Lane/E. Hampton v County of Suffolk*, 191 AD2d 19, 23 [1993]; *see also County of Nassau v Canavan*, 1 NY3d 134, 138 [2003]).

Bader's remaining contentions either are unpreserved for appellate review, are without merit, or need not be addressed in light of our determination. Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.